UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| PERFECT FIT, LLC | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-CV-00239-LEW |
| | ) | |
| INMATE LEGAL FORMS SERVICE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Perfect Fit, LLC requests default judgment against Defendant, Inmate Legal Forms Service, Inc.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

**A. Facts as Alleged in the Amended Complaint**

Upon Defendant's default, Plaintiff's allegations are "taken as true and ... considered established as a matter of law." *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) (quoting *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 13 (1st Cir. 1985); *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (citing *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.").

Plaintiff is a Maine limited liability company having a principal place of business in Corinna, Maine. Plaintiff manufactures and sells leather goods, specifically police and

1

law enforcement shield wallets and accessories. The product line sold by Plaintiff includes badge/identification wallets, badge/identification cases, key holders, flashlight holders, handcuff holders, baton holders, glove holders, belts, gloves, equipment bags and accessories. Plaintiff advertises its products on a web site, accessed by the URL http://www.perfectfitusa.com. Plaintiff authorizes certain other vendors to resell Plaintiff's products over the internet, on their own websites and on Amazon.com.

Plaintiff is the owner of the federal registered trademark "PERFECT FIT." Plaintiff also owns the common law trademark "Perfect Fit Shield Wallets." The common law mark is associated with Plaintiff's leather products. Plaintiff advertises its products using the registered mark and the common law mark, and labels and packages its products using the marks. Plaintiff has used the marks since at least 1988.

Defendant is a reseller of products based in Bloomfield, New Jersey. It sells products on Amazon.com, both as a general retailer and through its own Amazon-hosted "storefront." Defendant is not authorized to resell Plaintiff's products or use Plaintiff's marks. Products offered for sale by Defendant on its storefront on Amazon.com include "NYPD Detective Dress Leather Badge and ID Case by Perfect Fit Shield Wallets," "Universal Oval Belt Clip with Pocket and Chain by Perfect Fit Shield Wallets," "Glove Holder by Perfect Fit Shield Wallets," and "Double Glove Holder by Perfect Fit Shield Wallets." The "NYPD Detective Dress Leather Badge and ID Case" sold by Defendant on its storefront on Amazon.com is further described as "Made in the USA by Perfect Fit with their proud logo embossed on the back."

Defendant is not authorized by Plaintiff to resell any of Plaintiff's products offered for sale on the Defendant's storefront on Amazon.com or on the Amazon.com general website. Although Defendant offers Perfect Fit products for sale on its storefront on Amazon.com and on the Amazon.com general website, in fact customers who attempt to purchase such products are sold different, inferior products.

In May 2017, Plaintiff's agent purchased products from the ILFS storefront on Amazon.com each of the "Perfect Fit" products identified above. Upon receipt of the order, Plaintiff determined that the products were manufactured and branded by a third party. The products also arrived in different packaging. In May 2018, Plaintiff sent Defendant a cease and desist letter, but Defendant's conduct did not change.

By using Plaintiff's marks and filling orders with a third-party product, Defendant has caused actual confusion and deceived consumers with false descriptions and designations of origin of its products. Defendant also sells the products using the same channels of trade as do Plaintiff and its authorized vendors, thereby reducing sales of Plaintiff's products. Defendant's conduct is willful and intentional.

**B. Procedural History**

On June 14, 2018, Plaintiff filed a Complaint against Defendant, ILFS, Inc. The Complaint has five counts: 1) Count I, Trademark Infringement; 2) Count II, Trademark Dilution; 3) Count III, Trademark Infringement; 4) Count IV, Trademark Dilution; 5) Count V, Deceptive Trade Practice; and 6) Count VI, Passing Off.

On August 3, 2018, Plaintiff filed an Amended Complaint to identify the correct Defendant as Inmate Legal Forms Service, Inc. Plaintiff served Defendant the Amended

Complaint on August 28, 2018. Defendant failed to file an answer and the Plaintiff filed a Motion for Default Judgment on December 5, 2018. The Clerk entered default on December 5, 2018, against Defendant and scheduled a damages hearing for January 17, 2019.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(a) states that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, as "made to appear by affidavit or otherwise," the clerk shall enter the party's default. However, liability and the amount of damages are not necessarily established as a result of the default. *E.g., Ohio Cent. R.R. Co. v. Central Trust Co.* 133 U.S. 83, 91 (1890) ("[I]f [the allegations] are indefinite, or the demand of the complainant is in its nature uncertain, the requisite certainty must be afforded by proof"); *Danning v. Lavine* 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . or claims which are not pleaded, are not binding and cannot support the judgment"). Rule 55(b)(2) allows the court discretion to determine the scope of the damages hearing to be held.

### B. Liability

Based on the facts alleged by Plaintiff, there is a factual basis for liability for trademark infringement and trademark dilution under Maine and federal law. Am. Compl. Counts I – IV, VI. Similarly, the facts alleged describe a deceptive trade practice for purposes of the Deceptive Trade Practices Act. *Id.* Count V. Moreover, Defendant has not contested that its conduct was willful and intentional.

## C. Remedy

When liability is found by default, it is appropriate to award remedies authorized in law or equity. *Libertad,* 215 F.3d at 208. Unless the claim involves a "sum certain," monetary relief awarded through a default judgment must be supported by proof. Fed. R. Civ. P. 55(b)(2); *KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). On January 17, 2019, the Court conducted a hearing so that Plaintiff could demonstrate the relief it is due. Plaintiff appeared at the hearing and introduced testimony through Ryan Levesque, whose testimony was consistent with the attestation recited in his affidavit (ECF No. 16). Defendant did not appear.

Mr. Levesque testified that Plaintiff has suffered harm and should be compensated in the amount of $38,466.04, inclusive of counsel's fees. However, Rule 54(c) states that a default judgment damage award must not exceed in amount what is demanded in the pleadings. "The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2663 (4th ed.); *In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008); *Alutiiq Int'l Sols.*, *LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1214 (D. Nev. 2016).

Plaintiff's Amended Complaint does not include an ad damnum clause and does not otherwise indicate the amount of its damages, though it does request certain categories of remedies, including an award of Defendant's profits and "actual damages." Am. Compl. at 7. Furthermore, when Plaintiff filed its motion for default judgment, neither the motion

nor any of the attached papers set forth an accounting of Plaintiff's damages. Thus, even if Plaintiff had served Defendant with the motion papers – Plaintiff did not – the papers would not have set forth the amount of the monetary relief Plaintiff seeks to recover. Only on the eve of the hearing on the motion for default judgment did Plaintiff file an affidavit to quantify its damage calculations, and Plaintiff did not serve Defendant the affidavit. Under the circumstances, Plaintiff's motion for default judgment fails to comport with Rule 54(c).

### III. CONCLUSION

Because Plaintiff's filings contravene Rule 54(c), Plaintiff's request for entry of default judgment in the amount of $38,466.04 will not be granted. However, Plaintiff is afforded an election. Plaintiff is hereby granted leave to file <u>and</u> <u>serve</u> a second amended complaint that includes a statement of the relief it seeks. *Silge v. Merz*, 510 F.3d 157, 162 & n.5 (2d Cir. 2007); *Berkley Reg'l Ins. Co. v. James T. Redding*, *Inc.*, No. 12-2578, 2014 WL 3898089, at *1 n.2 (D. Md. Aug. 8, 2014). If Plaintiff files a second amended complaint, on or before 45 days from the date of this Order, the Clerk will lift the current default and this matter will proceed on the second amended complaint. If Plaintiff does not file a second amended complaint, the Court will grant in part Plaintiff's current motion by entering a default judgment on the first amended complaint, and will award Plaintiff the injunctive relief and costs set out in the motion papers, and will consider further Plaintiff's request for attorney fees.

<span style="display:flex;justify-content:space-between;">**SO ORDERED.**  */s/* **Lance E. Walker**</span>
                                                                          **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of January, 2019.