UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| PERFECT FIT, LLC | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00239-LEW |
| | ) | |
| INMATE LEGAL FORMS SERVICE, INC. | ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Perfect Fit, LLC requests the entry of default judgment against Defendant, Inmate Legal Forms Service, Inc. On January 30, 2019, I denied the request on the ground that none of the pleadings, including Plaintiff's motion for default, set forth the amount of the damages Plaintiff anticipated it would be entitled to as of the hearing date. That ruling was in error. While a complaint must include a demand for the relief sought, a party is not required to include an "ad damnum" clause in its complaint that specifies the amount of damages it seeks, unless the damages are "special damages." Fed. R. Civ. P. 8(a), 9(g). [1] And more to the point, a defendant served with a complaint who fails to answer and who also fails to make an appearance – such as Defendant herein – is not entitled to notice of the plaintiff's application for default judgment. Fed. R. Civ. P. 55(b)(2). Therefore,

---

[1] I am not aware of authority indicating that lost profit damages under 15 U.S.C. § 1117(a) are special damages. In any event, the defense of failure to plead special damages with specificity (failure to state a claim) is waivable. Fed. R. Civ. P. 12(b). Defendant's failure to answer constitutes a waiver of its defenses.

1

Plaintiff's failure to articulate a measure of damages in either its amended complaint or its application for judgment of default does not preclude the award of damages in a default judgment. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 20) is GRANTED, and the January 30, 2019 Order on Plaintiff's Motion for Default Judgment is VACATED. I turn, therefore, to reconsider Plaintiff's Motion for Default Judgment (ECF No. 12).

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A. Facts as Alleged in the Amended Complaint

Upon Defendant's default, Plaintiff's allegations are "taken as true and ... considered established as a matter of law." *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) (quoting *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 13 (1st Cir. 1985); *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (citing *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.").

Plaintiff is a Maine limited liability company having a principal place of business in Corinna, Maine. Plaintiff manufactures and sells leather goods, specifically police and law enforcement shield wallets and accessories. The product line sold by Plaintiff includes badge/identification wallets, badge/identification cases, key holders, flashlight holders, handcuff holders, baton holders, glove holders, belts, gloves, equipment bags and accessories. Plaintiff advertises its products on a web site, accessed by the URL

http://www.perfectfitusa.com.  Plaintiff authorizes certain other vendors to resell Plaintiff's products over the internet, on their own websites and on Amazon.com.

Plaintiff is the owner of the federal registered trademark "PERFECT FIT." Plaintiff also owns the common law trademark "Perfect Fit Shield Wallets." The common law mark is associated with Plaintiff's leather products. Plaintiff advertises its products using the registered mark and the common law mark, and labels and packages its products using the marks. Plaintiff has used the marks since at least 1988.

Defendant is a reseller of products based in Bloomfield, New Jersey. It sells products on Amazon.com, both as a general retailer and through its own Amazon-hosted "storefront." Defendant is not authorized to resell Plaintiff's products or use Plaintiff's marks. Products offered for sale by Defendant on its storefront on Amazon.com include "NYPD Detective Dress Leather Badge and ID Case by Perfect Fit Shield Wallets," "Universal Oval Belt Clip with Pocket and Chain by Perfect Fit Shield Wallets," "Glove Holder by Perfect Fit Shield Wallets," and "Double Glove Holder by Perfect Fit Shield Wallets." The "NYPD Detective Dress Leather Badge and ID Case" sold by Defendant on its storefront on Amazon.com is further described as "Made in the USA by Perfect Fit with their proud logo embossed on the back."

Defendant is not authorized by Plaintiff to resell any of Plaintiff's products offered for sale on the Defendant's storefront on Amazon.com or on the Amazon.com general website. Although Defendant offers Perfect Fit products for sale on its storefront on Amazon.com and on the Amazon.com general website, in fact customers who attempt to purchase such products are sold different, inferior products.

In May 2017, Plaintiff's agent purchased products from the ILFS storefront on Amazon.com each of the "Perfect Fit" products identified above. Upon receipt of the order, Plaintiff determined that the products were manufactured and branded by a third party. The products also arrived in different packaging. In May 2018, Plaintiff sent Defendant a cease and desist letter, but Defendant's conduct did not change.

By using Plaintiff's marks and filling orders with a third-party product, Defendant has caused actual confusion and deceived consumers with false descriptions and designations of origin of its products. Defendant also sells the products using the same channels of trade as do Plaintiff and its authorized vendors, thereby reducing sales of Plaintiff's products. Defendant's conduct is willful and intentional.

**B. Procedural History**

On June 14, 2018, Plaintiff filed a Complaint against Defendant, ILFS, Inc. The Complaint has five counts: 1) Count I, Trademark Infringement; 2) Count II, Trademark Dilution; 3) Count III, Trademark Infringement; 4) Count IV, Trademark Dilution; 5) Count V, Deceptive Trade Practice; and 6) Count VI, Passing Off.

On August 3, 2018, Plaintiff filed an Amended Complaint to identify the correct Defendant as Inmate Legal Forms Service, Inc. Plaintiff served Defendant the Amended Complaint on August 28, 2018. Defendant failed to file an answer and the Plaintiff filed a Motion for Default Judgment on December 5, 2018. The Clerk entered default on December 5, 2018, against Defendant and scheduled a damages hearing for January 17, 2019. At the hearing, the Court heard the testimony of Ryan Levesque and took the matter under advisement. On January 30, 2019, the Court issued the Order vacated herein. (ECF

No. 19.) The matter is now before the Court, once more, on Plaintiff's Motion for Default Judgment. (ECF No. 12.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(a) states that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, as "made to appear by affidavit or otherwise," the clerk shall enter the party's default. However, liability and the amount of damages are not necessarily established as a result of the default. *E.g., Ohio Cent. R.R. Co. v. Central Trust Co.* 133 U.S. 83, 91 (1890) ("[I]f [the allegations] are indefinite, or the demand of the complainant is in its nature uncertain, the requisite certainty must be afforded by proof"); *Danning v. Lavine* 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . or claims which are not pleaded, are not binding and cannot support the judgment"). Rule 55(b)(2) allows the court discretion to determine the scope of the damages hearing to be held.

### B. Liability

Based on the facts alleged by Plaintiff, there is a factual basis for finding Defendant liable for trademark infringement and trademark dilution under Maine and federal law. Am. Compl. Counts I – IV, VI. Similarly, the facts alleged describe a deceptive trade practice for purposes of the Deceptive Trade Practices Act. *Id.* Count V. Moreover, Defendant has not contested that its conduct was willful and intentional, and the Court accepts it as established that Defendant's violations of federal and state law were willful and intentional.

## C. Damages

When liability is found by default, it is appropriate to award remedies authorized in law or equity. *Libertad,* 215 F.3d at 208. Unless the claim involves a "sum certain," monetary relief awarded through a default judgment must be supported by proof. Fed. R. Civ. P. 55(b)(2); *KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

On January 17, 2019, the Court conducted a hearing so that Plaintiff could demonstrate the relief it is due. Plaintiff appeared at the hearing and introduced testimony through Ryan Levesque, whose testimony was consistent with the attestation recited in his affidavit (ECF No. 16). Defendant did not appear. Prior to the hearing, Mr. Levesque submitted an affidavit in which he asserted that Plaintiff "has been damaged in the amount of $38,466.04, comprised of lost sales during the infringement period, lost future sales, and attorney fees and costs." Levesque Aff. ¶ 22. To support his calculation, Mr. Levesque explained that sales data reflect that Defendant's infringing sales on Amazon occurred in the months of March 2018 through July 2018; that Plaintiff's sales growth had been consistent through the second half of 2017 and into 2018; that the infringing sales corresponded with a sudden discontinuation in Plaintiff's sales growth; that Plaintiff's sales were essentially flat between March and April 2018, and experienced a downturn for the months of June and July 2018; that Plaintiff's sales revenue returned to an upward trajectory in August 2018, after the infringing sales ceased; and that it is reasonable to anticipate that Plaintiff lost $500 in future sales due to customer dissatisfaction with their receipt of inferior products from Defendant. *Id.* ¶¶ 16, 17, 20. Mr. Levesque's testimony

at the damages hearing was consistent with his affidavit. Given the evidence provided by Mr. Levesque, based on a preponderance of the evidence standard, I find that Plaintiff has demonstrated lost sale revenue in the amount of $27,586.40.

In its Motion for Default Judgment, Plaintiff has requested that the Court enter judgment "in an amount determined by this Court at a testimonial hearing on damages." Mot. for Entry of Default and Default J at 2. In its Motion for Reconsideration, Plaintiff states more specifically that its request for damages is focused on its claims under the Lanham Act, 15 U.S.C. § 1117 (Counts I & II). Mot. for Reconsideration at 8. In Counts I and II of the Amended Complaint, Plaintiff alleges trademark infringement and trademark dilution in violation of 15 U.S.C. § 1125(a) and (c). As set forth above, Plaintiff's allegations, taken as true and established as a matter of law by Defendant's default, demonstrate Defendant is liable under both counts.

The Lanham Act provides that a trademark owner may "recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Additionally, "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." *Id.* Finally, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id.*

In the Amended Complaint, Plaintiff requests an award of Defendant's profits, costs, an exemplary award not to exceed three times actual damages, and reasonable attorney fees. Am. Compl. at 7. However, Plaintiff's proof at the damages hearing focused on the damages sustained by Plaintiff and Plaintiff did not attempt to measure Defendant's

7

likely revenue. Specifically, Plaintiff sought to demonstrate damages with evidence of lost or diverted sales based on its own established sales trends and projections, and evidence demonstrating disruption of these trends during the period of infringement. Although Plaintiff requests a damage award based on its evidence of lost or diverted sales revenue, and that the award be trebled, lost sales are not necessarily the same thing as the "actual damages" sought in the complaint. Plaintiff's commercial activity presumably entails certain costs of production. Additionally, Plaintiff's presentation reflects that many of its sales are made by licensed vendors, Am. Compl. ¶ 12, who presumably retain a commission on their sales, not to mention commissions associated with Plaintiff's use of the Amazon online sales platform.

To this date, Plaintiff has not provided the Court with any argument as to why its lost sales revenue is a proper measure of damages in a trademark action,[2] or why it would be appropriate to treble the gross sales revenue figure rather than a net profit figure. Regardless, given the equitable nature of a treble damage award, I order Plaintiff to provide evidence to account for the costs associated with its sales, which Plaintiff may do by means of a supplemental affidavit. Additionally, with respect to Plaintiff's request for an award of attorney fees, the Court directs Plaintiff's counsel to submit the documentation necessary

---

[2] The Lanham Act permits a plaintiff to recover the defendant's profits and the plaintiff's damages. 15 U.S.C. § 1117(a). However, there is authority that "recovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994). *See also Choice Hotels Int'l, Inc. v. Key Hotels of Atmore II, LLC*, No. 1:16-cv-452, 2017 WL 6945340, at *4 (S.D. Ala. Aug. 18, 2017) (collecting cases). A claim for recovery of a defendant's profits provides the opportunity to recover an award based on gross sales revenue when the defendant fails to prove the expenses associated with its revenue, 15 U.S.C. § 1117(a), but Plaintiff elected not to attempt to establish Defendant's gross revenue and instead requested a recovery measured by its own damages. At this stage of the proceedings, the Court will not reopen the hearing record to permit any supplementation designed to develop a claim for disgorgement of Defendant's profits.

for the Court to perform a proper lodestar analysis, including billing records.  Plaintiff is further directed to file a supplemental memorandum addressing its requests for relief, i.e., damages, injunctive relief, and attorney fees based on exceptional circumstances.  Plaintiff will provide these materials on or before March 15, 2019.

## III. CONCLUSION

Plaintiff's Motion for Reconsideration is GRANTED (ECF No. 20).  The matter of Plaintiff's Motion for Default Judgment will remain under advisement.

**SO ORDERED.**

Dated this 4th day of March, 2019.

/s/  Lance E. Walker
UNITED STATES DISTRICT JUDGE