UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PERFECT FIT LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00239-LEW |
| | ) | |
| INMATE LEGAL FORM SERVICE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant | | |

**ORDER ON PLAINTIFF'S
<u>MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff, Perfect Fit, LLC requests the entry of default judgment against Defendant, Inmate Legal Forms Service, Inc. In addition to reimbursement for Plaintiff's attorney's fees and costs, Plaintiff seeks an award of "treble actual damages" based on a calculation of Plaintiff's lost profits.

For the reasons discussed both below and in prior orders on the pending motion, Plaintiff's Motion for Default Judgment (ECF No. 12) is **GRANTED**.

**PROCEDURAL HISTORY**

In an order issued on March 4, 2019, I considered Plaintiff's Motion for Reconsideration and Motion for Default Judgment and ultimately granted Plaintiff's Motion for Reconsideration, but kept Plaintiff's Motion for Default Judgment under advisement pending receipt of supplemental information related to the costs associated

with Plaintiff's sales revenue. Order on Pl.'s Mot. for Reconsideration ("Order") (ECF No. 21).

In the order, I concluded that "[b]ased on the facts alleged by Plaintiff, there is a factual basis for finding Defendant liable for trademark infringement and trademark dilution under Maine and federal law" and furthermore that it was appropriate to "accept[] as established that Defendant's violations of federal and state law were willful and intentional." *Id.* at 5. On the issue of damages, I determined that Plaintiff demonstrated lost sale revenue in the amount of $27,586.40, but noted that an award based on lost sales revenue was "not necessarily the same thing as the 'actual damages' sought in the complaint." *Id.* at 8. Because Plaintiff had not provided argument as to why its lost sales revenue was the proper measure of damages in a trademark action, or why it would be appropriate "to treble the gross sales revenue figure rather than a net profit figure," I requested that the Plaintiff account for the costs associated with its sales. *Id.* at 8. I further directed Plaintiff to provide documentation to allow me to perform a proper lodestar analysis regarding attorney fees, and a supplemental memorandum addressing its requests for relief. *Id.* at 8-9.

In response to my order, Plaintiff requests actual damages in the amount of $14,896.66, which figure takes into account Plaintiff's costs. Pl.'s Supp. Mem., 2 (ECF No. 24). Furthermore, Plaintiff requests the Court award treble damages under the Lanham Act. *Id.* Finally, Plaintiff requests the court award attorney's fees, arguing that this case qualifies as "exceptional" under the Lanham Act. *Id.* at 3; *see also* 15 U.S.C. § 1117(a).

# DISCUSSION

The Lanham Act provides that a trademark owner may "recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Additionally, "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." *Id.* Finally, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id.*

As discussed below, Plaintiff, Perfect Fit, LLC seeks and has proven its entitlement to the following damages:

A. The sum of $ 14,896.66 for actual damages in the form of lost profits flowing from Defendant's violations of the Lanham Act;

B. The sum of $ 15,174.50 for reasonable attorney fees incurred in connection with this action;

C. The sum of $ 600.74 in costs; and

D. Treble damages with respect to the sum awarded in (A), above, as further compensatory damages for Defendant's violations of the Lanham Act.

**A. DAMAGES**

*1. Lost Profits*

Under the Lanham Act, a prevailing party "shall be entitled . . . to recover . . . any damages sustained by the plaintiff." 15 U.S.C. § 1117(a). A court's calculation of damages must take into account the "circumstances of the case" and must "constitute compensation and not a penalty." *Id.* In short, any award pursuant to the Lanham Act must be "just."

3

*Id.* As with all monetary relief awarded through a default judgment, the sum requested by Plaintiff must be supported by proof. Fed. R. Civ. P. 55(b)(2); *KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

In contrast to its previous filings, Plaintiff asserts actual damages in the amount of $14,896.66 – a figure equal to Plaintiff's lost profits sustained as a result of Defendant's violation of the Lanham Act.[1] In this case, lost profits is an appropriate measure of Plaintiff's actual damages – especially in light of Plaintiff's understandable inability to supply direct evidence establishing Defendant's profits.[2]

In support of its claim for lost profits, Plaintiff submits an affidavit from Ryan Levesque detailing Plaintiff's calculation of lost profits. Pl.'s Supp. Mem. Ex. A (ECF No. 24-1) (indicating that "[t]he average cost of production of the products that were infringed, including materials, labor, and cost of sales, is 46 percent of the gross sales revenues for those products" and concluding that "[p]rofits are therefore 54 percent of gross sales revenues"). This affidavit sufficiently supports Plaintiff's calculation of actual damages and provides an adequate basis for relief.

---

[1] Lost profits, argues plaintiff, "provide[s] the Court with evidence sufficient to establish [Plaintiff's] actual damages as authorized by the Lanham Act: evidence that Plaintiff's revenues would have been higher but for the infringement, resulting in lost profits in the amount of $14,896.66." Pl.'s Supp. Mem. 2 (ECF No. 24).

[2] It must be noted that "[a]n award of both damages and lost profits is prohibited where it would result in over-compensation" because "[d]ouble recovery would result where the parties directly compete and the plaintiff seeks to recover both damages for losses attributable to diverted sales, and the profits earned on sales made by the defendant." *Am. Employers' Ins. Co. v. DeLorme Pub. Co.*, 39 F. Supp. 2d 64, 79 (D. Me. 1999). Because Plaintiff is not seeking an award for Defendant's profits, an award based on Plaintiff's lost profits is not inherently duplicative.

## 2. *Treble Damages*

The Lanham Act allows courts the discretion to treble damage awards, so long as the resulting award is "just" and not a "penalty." 15 U.S.C. § 1117(a). This case centers on the willful and unauthorized use of Plaintiff's federal registered trademark and common law trademark. *See* Order (ECF No. 21). Given the default, Plaintiff is unable to demonstrate a complete measure of damages. Additionally, given that willfulness is established through default, I agree with Plaintiff that Plaintiff's lost profits do not adequately reflect the harm it suffered, and considerations of equity lead me to conclude that treble damages are warranted in this case – not as a penalty, but rather as a remedial measure. *See* 15 U.S.C. § 1117(a) ("If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.").[3]

## B. ATTORNEY FEES

In addition to its actual damages, Plaintiff is entitled to recover the attorney fees it incurred pursuing this action. As stated in the Lanham Act: "The court in exceptional cases may award reasonable attorneys fees to the prevailing party." 5 U.S.C. § 1117(a). While

---

[3] *See also Nationwide Payment Sols., LLC v. Plunkett*, No. 2:09-CV-600-GZS, 2011 WL 338661, at *8 (D. Me. Jan. 31, 2011), aff'd, No. 2:09-CV-600-GZS, 2011 WL 902242 (D. Me. Mar. 16, 2011) (determining that treble damages were "warranted both to make [the plaintiff] whole and to deter future . . . conduct" when, as here, the defendant's actions "prevented [the plaintiff] from exploring the full extent of [the defendant's] profits," the losses suffered by the plaintiff were "difficult to quantify," and "[the defendant] willfully infringed the [plaintiff's trademark]"); *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 110 (2d Cir. 1988) (indicating that the Lanham Act's 'enhancement provision' "was included to enable courts to redress fully plaintiffs whose actual damages were difficult to prove") (citing H.R. Rep. No. 3147, 58th Cong., 3d Sess. 9 (1904) (indicating that enhanced damages are available because "[t]he difficulty of proving exact damages in cases of this character is well understood" and therefore the Government ensured the owners of trademarks "full and complete redress for violation of their rights")).

the Lanham Act provides no additional guidance regarding which cases qualify as "exceptional," in *Tamko Roofing Products, Inc. v. Ideal Roofing Company*, the First Circuit directed that "attorneys' fees may be appropriate in circumstances where the acts of infringement were 'malicious,' 'fraudulent,' 'deliberate,' or 'willful'" or when "equitable considerations justify such awards." 282 F.3d 23, 31 (1st Cir. 2002) (citations omitted). The court further commented:

> Fraud or bad faith may justify an attorneys' fees award in some cases, but a finding of bad faith or fraud is not a necessary precondition. Willfulness short of bad faith or fraud will suffice when equitable considerations justify an award and the district court supportably finds the case exceptional.

*Id.* at 32.

Upon review of the record, I am persuaded that the equitable considerations justifying an award of treble damages also support an award of attorney's fees to Plaintiff. Defendant's conduct surpasses the threshold established by the First Circuit to justify an award of attorney fees and in light of the default I grant Plaintiff's request for fees.

Additionally, Plaintiff has provided sufficient documentation to support its calculation of fees incurred in this action and I am satisfied that the figure presented by Plaintiff is reasonable, as measured by the "lodestar" method. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984) ("[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee."); *Tamko Roofing Prod.*, 282 F.3d at 34 (citing approvingly to the lower court's application of lodestar method). In addition to providing a copy of Plaintiff's counsel's billing records which include a description of the work performed, Plaintiff submitted a supporting declaration from Attorney Anthony D.

6

Pellegrini detailing the time and labor required, the qualifications of those who worked on the case, and the rate at which each individual billed.  Pl.'s Supp. Mem. Ex. B (ECF No. 24-2); Pl.'s Supp. Mem. Ex. B-1 (ECF No. 24-3).

C.  **COSTS**

Plaintiff is entitled to recover the costs incurred in the instant action pursuant to 15 U.S.C. § 1117(a) (indicating that a prevailing plaintiff "shall be entitled . . . to recover . . . the costs of the action").  In support of its costs calculation, Plaintiff has submitted the affidavit of Attorney Pellegrini, which provides an itemization of the costs incurred by the Plaintiff in association with this action.  Pl.'s Supp. Mem. Ex. B, ¶ 11 (ECF No. 24-2, #194).

D.  **INJUNCTIVE RELIEF**

Defendant is hereby ENJOINED from using Plaintiff's Marks.

## CONCLUSION

For the foregoing reasons, I GRANT the Plaintiff's Motion for Default Judgment (ECF No. 12) and award Perfect Fit, LLC, treble actual damages in the amount of $44,689.98, attorney's fees in the amount of $15,174.50, and costs in the amount of $600.74.  Defendant is enjoined from using Plaintiff's Marks.

**SO ORDERED.**

Dated this 19th day of March, 2019.

/s/ Lance E. Walker
**UNITED STATES DISTRICT JUDGE**

7